UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALTHEA ATKINS-MCCALL                     CIVIL ACTION NO.

VERSUS

                                                  22-160-SDD-EWD

WAL-MART LOUISIANA, LLC, ET AL.

## NOTICE AND ORDER

This is a civil action involving claims for damages by Althea Atkins-McCall ("Plaintiff") based upon the injuries she allegedly sustained on March 5, 2021 at a store owned and/or operated by Defendants Wal-Mart Louisiana, LLC and/or Walmart Inc. (collectively, "Walmart") in East Baton Rouge Parish, Louisiana (the "Accident").[1] Plaintiff alleges the Accident was caused when she slipped and fell in a puddle of water caused by a bag of frozen vegetables that had previously ripped and spilled across the floor and was not adequately cleaned by an unknown Walmart employee.[2]

On February 2, 2022, Plaintiff filed her Petition for Damages ("Petition") against Walmart, the unknown Walmart employee who caused the Accident, and Walmart's unknown insurance carrier in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[3] Plaintiff contends that she suffered personal injuries as a result of the Accident, caused by the negligence of the unknown Walmart employee, for which Walmart is vicariously liable.[4] On March 8, 2022, the matter was removed by Walmart to this Court on the basis of diversity jurisdiction under 28

---

[1] R. Doc. 1-1, ¶¶ 2-5. Plaintiff refers to the latter as "Wal-Mart, Inc;" however, the Notice of Removal refers to the latter as "Walmart Inc.," which spelling the Court adopts. R. Doc. 1, introductory paragraph.
[2] R. Doc. 1-1, ¶¶ 4-7.
[3] R. Doc. 1-1 and *see* ¶¶ 1(a) through 1(d) naming both Walmart entities, "WM Worker," the unknown Walmart employee allegedly responsible for maintenance of the frozen food aisle in which Plaintiff slipped, and "XYZ Insurance Company," Walmart's unknown insurance carrier.
[4] R. Doc. 1-1, ¶¶ 5-12.

U.S.C. § 1332.[5]  However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

Proper information about the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal sufficiently alleges that Plaintiff is a citizen of Louisiana; that Wal-Mart Louisiana, LLC is a limited liability company whose ultimate underlying member is an Arkansas corporation with its principal place of business in Arkansas; and that Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas.[6]

It is not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7]  The Petition alleges Plaintiff suffered "severe injuries," to her head, neck, back, right shoulder, right hip, buttocks, and right leg, as well as traumatic brain injury, cognitive skills, memory issues, stuttering, and permanent disability.  In connection with these injuries, Plaintiff seeks past, present and future: physical pain and suffering, mental pain, anguish, and distress, medical expenses, loss of enjoyment of life, disability, and loss of wages.[8]  Walmart relies solely on these allegations in the Notice of Removal and the lack of a stipulation by Plaintiff that her damages do not exceed $75,000, exclusive of interest and costs.[9] However, this is not enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs.

---

[5] R. Doc. 1, introductory paragraph and ¶¶ 9, 20, and 25.
[6] R. Doc. 1, ¶¶ 14-16, and see R. Doc. 1-1, introductory paragraph.  The citizenship of fictitious defendants, *i.e.*, WM Worker and XYZ Insurance Company, is disregarded.  28 U.S.C. § 1441(b).
[7] *See* 28 U.S.C. §1332(a).
[8] R. Doc. 1-1, ¶¶ 17-18.
[9] R. Doc. 1, ¶¶ 5, 7, 11-12, 23.

First, Plaintiff's general allegations in the Petition of "injuries" and demands for general categories of damages (*e.g.*, mental and physical pain and suffering, loss of earning capacity, lost wages, *etc.*) are insufficient to establish the amount in controversy. "[C]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[10]

Similarly, the failure of a plaintiff to enter into a binding stipulation, and/or the lack of an La. Code Civ. Proc. article 893 statement in the Petition, are insufficient to establish that the requisite amount in controversy is met.[11] Walmart has not provided any details regarding Plaintiff's alleged injuries or any treatment provided,[12] including whether Plaintiff's injuries are permanent[13] as she contends, the amount of medical expenses incurred, and Plaintiff's prognosis

---

[10] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cited cases.
[11] *See Rodney v. Waffle House, Inc.*, No. 18-481, 2018 WL 6829041, at *8 (M.D. La. Oct. 22, 2018), *report and recommendation adopte*d, No. 18-481, 2018 WL 10809995 (M.D. La. Dec. 18, 2018) ("As an initial matter, there is no indication that Defendant ever requested that Plaintiff execute a stipulation regarding the amount in controversy prior to removal. Even assuming, *arguendo*, that Plaintiff actually refused to stipulate that the amount in controversy was less than $75,000 prior to removal, this Court has explained that a plaintiff is under no legal obligation to sign such a stipulation, and that the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.") (citations omitted). *See also Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at * 2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied."). S*ee also Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403-JVP-CN, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) (noting: "…all three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. See Weber v. Stevenson, 2007 WL 4441261 (M.D. La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration, it is not, in and of itself, determinative of the amount in controversy. A finding that the failure to include the '893' allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable).").
[12] Although Walmart relies heavily on Plaintiff's allegation that she suffered traumatic brain injury, this general allegation, without more, is insufficient to establish amount in controversy. Even a mild concussion would be considered a traumatic brain injury.
[13] Allegations of permanent disability standing alone with no specification as to the affected body part(s), would also not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement. *See Heaverlo v.*

and recommended future treatment, including whether Plaintiff has been recommended for surgery related to this Accident.  There is also no evidence of medical records or billing, settlement demands, discovery responses or documents produced in discovery relevant to the amount in controversy, including Plaintiff's alleged lost wages, nor does the Petition demand a jury trial.[14] Walmart has not yet met its burden of establishing that the amount in controversy is satisfied.[15]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[16]

Accordingly,

---

*Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").

[14] While a jury trial demand by Plaintiff would not be dispositive of the amount in controversy, it would be another piece of information to consider. *See, e.g., Batiste v. Stryker Corp.*, No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), *report and recommendation adopted*, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).

[15] As one court noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discovery those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017) (quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211.  Walmart is advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied as a matter of course.  *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), *report and recommendation adopted sub nom., Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019).

[16] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS ORDERED** that, **on or before May 2, 2022,** Defendants Wal-Mart Louisiana, LLC and Walmart Inc. shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before May 16, 2022,** Plaintiff Althea Atkins-McCall shall file either: (1) a Notice stating that Plaintiff does not dispute that Walmart has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, April 18, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**